IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DONALD TODD SMITH,**

    Petitioner,

v.                                                                                    Civil Action No. **3:19CV701**

**WARDEN J. ANDREWS,**

    Respondent.

## MEMORANDUM OPINION

Donald Todd Smith, a federal inmate proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 1). Smith's claims stem from his conviction within the Bureau of Prisons ("BOP") for the institutional infraction of possession of narcotics. Specifically, Smith contends that his due process rights were violated when the Discipline Hearing Officer ("DHO") failed to provide him with a copy the DHO Report with respect to his infraction in a timely manner. Respondent filed a Motion to Dismiss, or in the alternative, Motion for Summary Judgment ("Motion for Summary Judgment," ECF No. 13),[1] asserting, *inter alia*, that Smith's claim lacks merit. Smith has not responded. For the reasons set forth below, Respondent's Motion for Summary Judgment (ECF No. 13) will be granted. Smith's § 2241 Petition will be denied.

---

[1] Respondent styled his motion as a Motion to Dismiss, or in the alternative, a Motion for Summary Judgment. (ECF Nos. 12, 13.) Because the Court relies upon the exhibits submitted by the parties, the Court will determine whether summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure, and declines to consider Respondent's motion as a motion to dismiss. As such, the Court will refer to Respondent's motion as a Motion for Summary Judgment.

## I. STANDARD FOR SUMMARY JUDGMENT

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is the responsibility of the party seeking summary judgment to inform the Court of the basis for the motion and to identify the parts of the record that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed. R. Civ. P. 56(c) and 56(e) (1986)).

In reviewing a summary judgment motion, the Court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). However, a mere scintilla of evidence will not preclude summary judgment. *Anderson*, 477 U.S. at 251 (citing *Improvement Co. v. Munson*, 81 U.S. (14 Wall.) 442, 448 (1872)). "[T]here is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party . . . upon whom the onus of proof is imposed." *Id.* (quoting *Munson*, 81 U.S. at 448). Additionally, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (quoting

*Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n.7 (5th Cir. 1992)); *see* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials . . . .").

In support of his Motion for Summary Judgment, Respondent submits: (1) the Declaration of Sylvia G. Harris, Legal Assistant at the Federal Correctional Complex in Petersburg, Virginia ("FCC Petersburg"), ("Harris Decl.," ECF No. 14-1);[2] (2) an Incident Report (*id.* Attach. 1, ECF No. 14-2); (3) a Notice of Discipline Hearing Before the DHO form (*id.* Attach. 2, ECF No. 14-3); (4) an Inmate Rights at Discipline Hearing form (*id.* Attach. 3, ECF No. 14-4); (5) a DHO Report (*id.* Attach. 4, ECF No. 14-5); and, (6) records of Smith's administrative remedy requests (*id.* Attach. 6, ECF No. 14-7).

Although Smith did not respond to the Motion for Summary Judgment, Smith signed his § 2241 Petition under penalty of perjury. (§ 2241 Pet. 14.)

In light of the foregoing principles and submissions, the following facts are established for purposes of the Motion for Summary Judgment. The Court draws all permissible inferences in favor of Smith.

## II. SUMMARY OF PERTINENT FACTS

On February 1, 2019, Smith was issued an incident report for violation of BOP disciplinary code 113, possession of narcotics. (Harris Decl. ¶ 4.) The incident arose from the fact that a search of Smith's person revealed a number of doses of amphetamines. (ECF No. 14-2, at 3.) On March 4, 2019, Smith appeared before DHO Lisa Callis for a hearing on the above charge. (Harris Decl. ¶ 8.) At the hearing, Smith was found guilty of the charge of possession of narcotics (*id.* ¶ 10), and sentenced to, *inter alia*, the loss of 41 days of good conduct time, (*id.* ¶ 12).

---

[2] In the citations to the Harris Declaration, the Court omits any citations that Declaration makes to others documents.

Despite the fact that the DHO found Smith guilty of the infraction on March 4, 2019, months passed and the DHO failed to issue the written DHO report. On September 25, 2019, Smith filed his § 2241 Petition complaining about the failure of the DHO to issue a written DHO report. (ECF No. 1.)

On October 17, 2019, the DHO Report was signed and completed by DHO Callis. (Harris Decl. ¶ 14 (citation omitted).) Nevertheless, "[d]ue to an administrative oversight," the DHO Report was not provided to Smith until February 13, 2020. (*Id.* ¶ 15.) Smith was notified that he could appeal the DHO's findings through the BOP Administrative Remedy Process within twenty (20) days of his receipt of the DHO report. (*Id.*) As of March 12, 2020, Smith had not filed an appeal. (*Id.* ¶ 23.)

### III. ANALYSIS

Smith contends that the DHO violated BOP Program Statement 5270.09 by disallowing forty-one days of Smith's GCT and failing to provide him with a copy of the DHO Report. (§ 2241 Pet. 9.) Because Smith did eventually receive a copy of the DHO report, this aspect of his claim is moot. *Powell v. McCormack*, 395 U.S. 486, 496 (1969) (citation omitted) ("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."); *Ross v. Reed*, 719 F.2d 689, 693–94 (4th Cir. 1983) ("If intervening factual or legal events effectively dispel the case or controversy during pendency of the suit, [a] federal court[] [is] powerless to decide the questions presented.").

Furthermore, Smith's suggests his rights were violated because he did not receive the DHO report within the time frame suggested by BOP Program Statement 5270.09. BOP Program Statement 5270.09 states that "[t]he DHO prepares a record of the proceedings. The evidence, decision, and reasons for actions taken must be specific, unless this would jeopardize security. The DHO gives the inmate a written copy of the decisions and disposition, ordinarily within 15

4

work days of the decision." BOP Program Statement 5270.09, at 34.[3] As this Court has previously noted, the failure to abide by this provision does not provide a basis for federal habeas relief. *Shahan v. Ormond*, No. 3:18CV200, 2018 WL 6681210, at *5 (E.D. Va. Dec. 19, 2018), *aff'd*, 778 F. App'x 217 (4th Cir. 2019) (observing that "any time requirements for the delivery of the DHO's report, and BOP Program Statement 5270.09 is only advisory . . . ."). While BOP staff may have "violated BOP Program Statement 5270.09 by failing to provide him with a copy of the DHO Report within the advisory fifteen-day period, the BOP's failure to abide by internal directives of this ilk does not give rise to a claim for habeas relief." *Id.* (citing *Mendoza v. Tamez*, 451 F. App'x 715, 717–18 (10th Cir. 2011), and *Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir. 1991).

Furthermore, generously construing Smith's § 2241 Petition as raising a general due process claim regarding his delayed receipt of the DHO Report, such a claim also fails. "It is not the mere fact of the government's delay that violates due process, but rather the prejudice resulting from such delay." *Consolidation Coal Co. v. Borda*, 171 F.3d 175, 183 (4th Cir. 1999) (citation omitted). In the context of an inmate's delayed receipt of the DHO's report, courts have held that inmates do not suffer any prejudice when they receive the DHO's report months after the hearing, and that such a multi-month delay does not constitute a due process violation. *See, e.g.*, *Griffin v. Ebbert*, 640 F. App'x 181, 184 (3d Cir. 2016) (concluding that there was no due process violation when an inmate received the DHO's report eighteen months after his hearing "because [the inmate] had not demonstrated that he suffered any prejudice as a result of the eighteen-month delay, [and] he had received the process he was due under *Wolff*"); *Staples*, 370 F. App'x at 929–30 ("Assuming without deciding that a copy of the report was required [to be included with the administrative appeal], [the Tenth Circuit did] not conclude that the approximate eight-month delay in the DHO's

---

[3] BOP Program Statement 5270.09 is available at https://www.bop.gov/policy/progstat/5270_009.pdf. (last visited Oct. 29, 2020).

tender of the copy to [the inmate] prejudiced his ability to bring an administrative appeal or rendered such an appeal futile."); *Cook v. Warden, Fort Dix Corr. Inst.*, 241 F. App'x 828, 829 (3d Cir. 2007) ("[E]ven if [the inmate] did not receive the DHO's written report within 10 days . . . the delay had no prejudicial effect on [the inmate's] administrative appeal and thus does not provide a basis for habeas relief.").

## IV. CONCLUSION

The Motion for Summary Judgment (ECF No. 13) will be GRANTED. Smith's claims will be DISMISSED. The § 2241 Petition (ECF No. 1) will be DENIED. The action will be DISMISSED. The Motion to Dismiss (ECF No. 12) will be DENIED AS MOOT.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
John A. Gibney, Jr.
United States District Judge

Date: 30 October 2020
Richmond, Virginia